IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | NO. 3:11-CV-559-P |
| | § | NO. 3:09-CR-363-P |
| JAMES MURPHY, JR. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant James Murphy, Jr., a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion is denied.

I.

Defendant was charged by felony information with transporting and shipping child pornography, in violation of 18 U.S.C. § 2252A(a)(1). Defendant waived indictment and pled guilty to the offense pursuant to a plea agreement and factual resume. The court imposed a sentence at the low end of the advisory Sentencing Guideline range, assessing punishment at 210 months confinement followed by a lifetime term of supervised release. Defendant's direct appeal was voluntarily dismissed. *See Murphy v. United States*, No. 10-11250 (5thCir. Mar. 23, 2011). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

In a single ground for relief, defendant contends that he received ineffective assistance of counsel at sentencing because his attorney, William A. Bratton III, failed to request a downward departure or variance based on defendant's age under the amended section 5H1.1 of the United States Sentencing Guidelines. Defendant alleges that "[a]ppropriate professional standards dictate that a

-1-

defense attorney . . . should have seen the obvious and pressing need to request a variance or downward departure based on Mr. Murphy's age." (Hab. Br. at 9-10).

In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.*, 104 S.Ct. at 2064-65. Second, the defendant must establish prejudice – that he was subjected to increased jail time due to the deficient performance of his attorney. *See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004), *citing Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001). The two prongs of the *Strickland* test need not be analyzed in any particular order. *See United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). If a defendant fails to satisfy either prong, his claim of ineffective assistance of counsel must fail. *Id.*

Counsel's conduct was not deficient. Section 5H1.1 of the Sentencing Guidelines is a policy statement that explains, in pertinent part:

> Age (including youth) may be relevant in determining whether a departure is warranted, if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines. Age may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration.

UNITED STATES SENTENCING GUIDELINES MANUAL § 5H1.1. Although defendant contends that his age, 56 years old, was relevant given the length of his sentence of imprisonment, he has failed to

establish that this factor was "present to an unusual degree and distinguish[es] the case from the typical cases covered by the guidelines[,]" or that his lawyer was unreasonable for failing to raise it. Defendant's conclusory assertion that age was his "most salient offender characteristic" (Hab. Br. at 10) is insufficient to establish deficiency.[1]

Defendant has also failed to establish prejudice. He has not shown that his counsel's failure to specifically refer the Court to Sentencing Guideline section 5H1.1 or cite defendant's age led to increased jail time. To the contrary, the Court thoroughly considered the sentencing factors set forth in 18 U.S.C. § 3553(a) – including "the history and characteristics of the defendant" – when it imposed a low-end Guidelines sentence. (*See* Sent'g Tr. at 30). Considering the statutory factors, the Presentence Investigation Report, the testimony and supporting letters submitted by defendant, and the arguments of counsel, the Court concluded that a sentence of 210 months imprisonment was appropriate. The additional arguments suggested by defendant on collateral review would not have resulted in a lesser sentence. Accordingly, this ground for relief is overruled.

III.

For the foregoing reasons, the motion to correct, vacate, or set aside defendant's sentence filed pursuant to 28 U.S.C. § 2255 is denied.

IV.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. Defendant has failed to show (1) that reasonable

---

[1] The Court notes that defendant himself did not appear to believe that his age was a salient factor in sentencing, since he explained, "whatever [sentence] you give me I am not going to die in prison. I am not that old yet." (*See* Sent'g Tr. at 14).

jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[2] In the event the defendant will file a notice of appeal, the court notes that the defendant will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 26th day of July, 2011.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.